IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY, | § | |
| LIBERTY MUTUTAL | § | |
| INSURANCE COMPANY, | § | No. 32, 2017 |
| CONTINENTAL CASUALTY | § | |
| INSURANCE COMPANY, | § | Court Below—Superior Court of |
| NAVIGATORS INSURANCE | § | the State of Delaware |
| COMPANY, RSUI INDEMNITY | § | |
| COMPANY, and BERKLEY | § | C.A. No. N16C-01-104 |
| INSURANCE COMPANY, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellants, | § | |
| | § | |
| v. | § | |
| | § | |
| DAVID H. MURDOCK, C. | § | |
| MICHAEL CARTER, DOLE FOOD | § | |
| COMPANY, INC. and DFC | § | |
| HOLDINGS, LLC, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: January 23, 2017
Decided: February 2, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 2nd day of February 2017, having considered the notice and

supplemental notice of appeal from an interlocutory order under Supreme Court

Rule 42, it appears to the Court that:

(1) On April 8, 2016, the plaintiffs below-appellants, Arch Insurance Company, Liberty Mutual Insurance Company, Continental Casualty Insurance Company, Navigators Insurance Company, RSUI Indemnity Company, and Berkley Insurance Company ("Insurers") filed an amended complaint against the defendants below-appellees, David H. Murdock, C. Michael Carter, Dole Food Company, Inc., and DFC Holdings, LLC. The Insurers sought: (i) a declaratory judgment that they did not have to fund the defense or settlement of a consolidated class action in the Court of Chancery (Count I); and (ii) a declaratory judgment that they were entitled to subrogation pursuant to a fraud exclusion provision in the relevant insurance policies and applicable law (Count II). Murdock, Carter, and Dole filed a motion to dismiss. In an opinion dated December 21, 2016, the Superior Court denied the motion to dismiss as to Count I, but granted the motion to dismiss as to Count II.[1]

(2) On January 3, 2017, the Insurers filed an application for certification to take an interlocutory appeal. Murdock, Carter, and Dole opposed the application. By order dated January 20, 2017, the Superior Court denied the application after determining certification was not warranted under the principles and criteria of Rule 42(b).

---

[1] *Arch Ins. Co, v. Murdock*, 2016 WL 7414218 (Del. Super. Ct. Dec. 21, 2016).

(3)  Applications for interlocutory review are addressed to the sound discretion of the Court.[2]  In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] Supr. Ct. R. 42(d)(v).